[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 27, 2009
THOMAS K. KAHN
CLERK

No. 09-12265
Non-Argument Calendar

_____

D. C. Docket No. 99-14021-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WARREN LAVELL JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 27, 2009)

Before TJOFLAT, EDMONDSON and HULL, Circuit Judges.

PER CURIAM:

Warren Lavell Jackson, a federal prisoner convicted of a crack cocaine

offense, appeals the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for a reduced sentence. After review, we affirm.[1]

Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . ." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." Moore, 541 F.3d at 1330; see also U.S.S.G. § 1B1.10(a)(2)(B). A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1(A).

Here, Jackson's § 3582(c)(2) motion is based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels in U.S.S.G. § 2D1.1(c) applicable to certain crack cocaine offenses. However, at his original

---

[1]"In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008) (quotation marks omitted), cert. denied, 129 S. Ct. 965 (2009), and 129 S. Ct. 1601 (2009).

sentencing, Jackson was subject to a mandatory minimum term of life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A), in light of his three previous felony drug offense convictions. Thus, his sentencing range was not based on the amount of crack cocaine attributed to him under U.S.S.G. § 2D1.1(c), but on the statutory mandatory minimum. See U.S.S.G. § 5G1.1(b). As such, Amendment 706 had no effect on Jackson's sentencing range of life imprisonment.

Jackson's argument that his original sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), is outside the scope of a § 3582(c)(2) proceeding. See 18 U.S.C. § 3582(c)(2) (limiting proceedings under § 3582(c)(2) to cases in which a retroactive amendment affects the applicable sentencing range); United States v. Bravo, 203 F.3d 778, 781 (11th Cir.), cert. denied, 531 U.S. 994, 121 S. Ct. 486 (2000) (explaining that, in § 3582(c)(2) proceedings, all original sentencing determinations remain unchanged except the guideline range affected by the amendment). His arguments regarding the applicability of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007), are foreclosed by our precedent. See United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir. 2009); (concluding that "Booker and Kimbrough do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2)

3

and the applicable policy statement by the Sentencing Commission"), <u>cert. denied</u>, 129 S. Ct. 2382 (2009); <u>United States v. Jones</u>, 548 F.3d 1366, 1369 (11th Cir. 2008) (concluding that <u>Booker</u> does not provide a basis on which to grant a § 3582(c)(2) motion), <u>cert. denied</u>, 129 S. Ct. 1657 (2009).

Thus, the district court did not have the authority to reduce Jackson's sentence and properly denied Jackson's § 3582(c)(2) motion.

**AFFIRMED.**